

Jeffrey T. Castellano
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
Direct: (302) 298-0703
jcastellano@shawkeller.com

June 29, 2015

**VIA HAND DELIVERY & CM/ECF**
The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
844 N. King St.
Wilmington, DE 19801

    Re:   *Merck Sharp & Dohme Corp. v. Xellia Pharmaceuticals ApS*
            C.A. No. 14-199-RGA (D. Del.)

Dear Judge Andrews:

    I am writing on behalf of defendant Xellia to provide the Court with the following case establishing the admissibility of Dr. Byrn's prior expert affidavit in support of Merck's Motion for Summary Judgment from a related caspofungin litigation.

    In *Pfizer v. Teva*, the Court held that an expert affidavit from a separate action was properly admitted under FRE 801(2)(D)(B) as an ***adoptive admission***. *Pfizer Inc. v. Teva Pharms. USA, Inc.*, 2006 U.S. Dist. LEXIS 77970 (D.N.J. Oct. 26, 2006). Since Pfizer relied on the expert affidavit to support the filing of its European patent, the Court held that it cannot now "deny that it accepts the truth of the information contained therein. " *Id*. at *14-15

    Counsel for Xellia will be prepared to discuss this case and the case submitted by Merck tomorrow morning if the Court wishes to hear argument.

                                Respectfully submitted,

                                */s/ Jeffrey T. Castellano*

                                Jeffrey T. Castellano (No. 4837)

cc:    Clerk of the Court (via Hand Delivery)
        All Counsel of Record (via CM/ECF)

# TAB 1

 Warning

As of: June 29, 2015 6:15 PM EDT

# Pfizer Inc. v. Teva Pharms. USA, Inc.

United States District Court for the District of New Jersey

October 26, 2006, Decided

CIV. ACTION NO. 04-754 (JCL)

**Reporter**
2006 U.S. Dist. LEXIS 77970

PFIZER INC., PHARMACIA CORP., PHARMACIA & UPJOHN INC., PHARMACIA & UPJOHN COMPANY, G.D. SEARLE & CO, G.D. SEARLE LLC, SEARLE LLC (DELAWARE) and SEARLE LLC (NEVADA), Plaintiffs, v. TEVA PHARMACEUTICALS USA, INC., Defendant.

**Subsequent History:** Motion granted by, in part, Motion denied by, in part *Pfizer Inc. v. Teva Pharms. USA, Inc., 2006 U.S. Dist. LEXIS 77979 (D.N.J., Oct. 26, 2006)*

**Prior History:** *Pfizer Inc. v. Teva Pharms. USA, Inc., 2006 U.S. Dist. LEXIS 77967 (D.N.J., Oct. 26, 2006)*

## Core Terms

hearsay, documents, Patent, admissions, relevance, argues, under federal rule, motion in limine, grounds, representations, assertions, party's, truth of the matter asserted, dismissal order, undue delay, prior art, manifested, compounds

**Counsel:** [*1] For PFIZER INC., PHARMACIA CORP., PHARMACIA & UPJOHN INC., PHARMACIA & UPJOHN COMPANY, G.D. SEARLE & CO., SEARLE LLC(DELAWARE), SEARLE LLC(NEVADA), G.D. SEARLE LLC, Plaintiffs: DAVID E. DELORENZI, SHEILA F. MCSHANE, GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, PC, NEWARK, NJ.

For TEVA PHARMACEUTICALS USA, INC., Defendant: MICHAEL E. PATUNAS, LITE DEPALMA GREENBERG & RIVAS, LLC, NEWARK, NJ.

**Judges:** John C. Lifland, U.S.D.J.

**Opinion by:** John C. Lifland

## Opinion

Pfizer's Motion In Limine No. 3

*LIFLAND, District Judge*

This case arises out of Teva Pharmaceuticals U.S.A., Inc.'s ("Teva" or "Defendant") alleged infringement of U.S. Patent Nos. 5,466,823; 5,563,165; and 5,760,068 (the "patents-in-suit"), which are held by Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn Inc., Pharmacia & Upjohn Company, G.D. Searle & Co., G.D. Searle LLC, Searle LLC (Delaware), and Searle LLC (Nevada) (collectively "Pfizer" or "Plaintiffs"). The patents-in-suit are directed toward celecoxib, the active ingredient in Celebrex, and a broad genus of compounds that includes celecoxib, pharmaceutical compositions including such compounds, and methods of using such compounds.

Before the Court is Pfizer's [*2] motion in limine No. 3 to preclude Teva from relying on or introducing into evidence documents from unrelated litigations and foreign prosecution histories. The documents in question are: (A) a British judgment from an infringement action brought by Searle against non-party Merck (DTX 521 [1]); (B) briefs (DTX 336, 587) and (C) expert affidavits (DTX 580) submitted by Searle to the European Patent Office when Merck opposed Searle's European Patent 0697157 (the "Searle '157 Patent"); (D) an order of dismissal from an unrelated U.S. litigation (DTX 523); and (E) unspecified foreign patent prosecution documents (DTX 241, 242, 522, and 549-558). Pfizer objects to admission of these documents on several grounds. Pfizer contends that documents (A)-(D) are irrelevant, that even if relevant they should be excluded under *Federal Rule of Evidence 403*, and that they constitute inadmissible hearsay. As for document set (E), Pfizer argues only that it should be excluded under *Rule 403*. For the reasons explained herein, Pfizer's motion will be granted in part and denied in part.

---

[1] "DTX" refers to the exhibit number assigned by Teva on its current proposed exhibit list.

**[*3] I. Document Set (E)**

Pfizer argues that the foreign patent prosecution documents are of little or no relevance because foreign countries have different standards of patentability which '"might render consideration of certain types of representations inappropriate." (Pfizer's Memorandum of Law in Support of its Motion in Limine No. 3, at 6 (quoting *TI Group Auto. Sys., Inc. v. VDO N. Am. LLC, 375 F.3d 1126, 1136 (Fed. Cir. 2004)*.) To the extent the evidence may be relevant, Pfizer contends that its relevance is outweighed by the undue delay that consideration of the evidence would cause. Specifically, Pfizer claims that the Court would have to reexamine the records of each individual examiner and tribunal under the relevant foreign legal standard, and that this process would cause undue delay in the trial.

Under *Federal Rule of Evidence 403*, a court may preclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Court [*4] cannot find, based on the information presented, that this standard is satisfied here.

The Court cannot disagree with Pfizer's general proposition that it may be inappropriate to consider, in an American infringement litigation, "certain types of representations" made in foreign patent prosecutions. However, the Court does not have enough information determine whether the representations made in the documents at issue are of that type. Pfizer has provided no information as to the context of the documents, the content of the documents, which sections of the documents Teva intends to use, or what Teva intends to use the evidence for. Teva, for its part, provides only minimal information about one of the documents in question, DTX 242. Teva asserts that DTX 242 "is a response to the European Patent Office by plaintiff Searle's German patent agent ... concerning the prior art cited against Searle's European counterpart to a patent in suit in this action--the '068 patent." Since Teva relies on some of the prior art addressed in this document, Teva argues that the statements of Searle's foreign patent agent concerning the scope and content of that prior art is relevant in this case.

The [*5] Court is persuaded, based on Teva's explanation, that the representations made in DTX 242 concerning the prior art references are relevant to this case. Moreover, the Court does not believe that it will have to undertake a massive reexamination of the examiner's records under the foreign standard in order to understand the relevance of the evidence. Accordingly, the relevance of DTX 242 is not "greatly outweighed" by the danger of undue delay, and it will not be precluded under *Rule 403*.

As for the remaining foreign prosecution documents (DTX 241, 522, and 549-558), the Court does not have sufficient information to make an informed decision as to their relevance or the risk of undue delay associated with their admission. Under such circumstances, the Court will not exercise its discretion to preclude the evidence under *Rule 403*. [2]

**[*6] II. Documents (A)-(D) -- Relevance**

Pfizer's first argument with respect to documents (A)-(D) is essentially the same as above. Pfizer argues that the documents are irrelevant because the litigations they arose out of did not involve Celebrex or the patents-in-suit. [3] Even if they have some "marginal relevance," Pfizer contends they should be precluded under *Rule 403* because in order "to determine the import of these [documents], the Court would have to examine them in light of the issues that were being adjudicated in each foreign action ... and then determine whether the statements are relevant in light of the different legal standards." (Pfizer's Memorandum of Law in Support of its Motion in Limine No. 3, at 4.)

Pfizer [*7] provides no specific information about the documents at issue or the representations contained therein. Instead Pfizer offers only broad conclusory allegations of irrelevance. Teva does not explain the relevance of the foreign judgment or the U.S. order of dismissal. As for the briefs and expert reports, Teva simply alleges that they are relevant because they contain representations by Searle

---

[2] Pfizer did not seek to exclude these documents on hearsay grounds. Nevertheless, Teva states in its opposition papers that the documents are not hearsay under *Federal Rule of Evidence 801(d)(2)(D)*. Although this question is not technically at issue in this motion, the Court agrees that the documents are not hearsay. Under *Rule 801(d)(2)(D)*, "A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." All of these conditions are satisfied here.

[3] "In fact," Pfizer asserts, "the patents involved in these litigations did not even cover pyrazole-containing compounds of the invention." (Pfizer's Memorandum of Law in Support of its Motion in Limine No. 3, at 3.) The meaning of this sentence is not further explained to the Court.

about an invention that is arguably prior art to the patents-in-suit. As above, the Court does not have sufficient information to make an informed decision as to the relevance of any of the documents. Accordingly, the Court will not exercise its discretion to preclude the evidence under *Rule 402* or *403*.

### III. Documents (A)-(D) -- Hearsay

Pfizer argues that documents (A)-(D) are all inadmissible hearsay. Teva raises different arguments with respect to each of these documents. The Court will address them in turn.

(A) *The British Judgment (DTX 521)*

This document is a British judgment from an infringement action brought by Searle against non-party Merck. Pfizer correctly points out that court findings and judgments are hearsay under *Federal Rule of Evidence 801(c)* **[*8]**, and do not fall within the public records exception of *Rule 803(8)(C)*. *See, e.g., Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993)*. However, Teva asserts that the judgment is not hearsay because it is not being offered to prove the truth of the matter asserted. [4] Rather, Teva claims the judgment is being offered as evidence of "Searle's state of mind regarding the relative importance of various substituents of compounds such as those disclosed in the Searle '822 Application with regard to inhibiting the Cox-2 enzyme." (Teva's Memorandum of Law in Opposition to Pfizer's Motion in Limine No. 3, at 6.)

The Court has a **[*9]** difficult time understanding how a court's decision can demonstrate a party's state of mind; however, this concern goes to the relevance of the evidence, not whether it constitutes hearsay. To the extent that Teva does, in fact, not offer the document to prove the truth of the matter asserted, the foreign judgment is not hearsay. Accordingly, Pfizer's motion to preclude this evidence on hearsay grounds will be denied. Although not hearsay, the evidence may still be inadmissible under *Federal Rule of Evidence 402* or *403* if, for example, the evidence is irrelevant or cumulative. In denying Pfizer's motion to preclude the evidence on hearsay grounds, the court takes no position as to the ultimate admissibility of the evidence, which the court will be in a better position to determine at trial.

(B) *Briefs (DTX 336, 587)*

These documents are briefs that were submitted by Searle to the European Patent Office when Merck opposed the Searle '157 Patent. Teva argues that the briefs are not hearsay because they are admissions by a party opponent. Under *Federal Rule of Evidence 801(d)(2)*,

> A statement is not hearsay if … [t]he statement **[*10]** is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship ….

Regardless of whether one considers briefs to be statements of the party or of the party's attorney, the representations made therein fall within the "party admission" exclusion to the hearsay rule--either under section (A) or under section (D). *See, e.g., Moody v. Township of Marlboro, 885 F. Supp. 101, 104 (D.N.J. 1995)* (holding that "[a]n attorney may in fact be an agent of his client for purposes of *Rule 801(d)(2)(D)*").

Moreover, "there is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party." *Hardy v. Johns-Manville Sales Co., 851 F.2d 742, 745 (5th Cir. 1988)*; **[*11]** *see also* David F. Binder, *Hearsay Handbook* § 35:1 (4th ed.) (noting that courts have deemed it reversible error to preclude assertions made by a party-opponent in a pleading for another case). Courts have generally refused to extend this rule to *appellate* briefs from a prior case. The reason for this difference in treatment is that trial court pleadings "generally constitute a statement by the pleader as to the occurrence of certain historical facts in the real world," while appellate briefs

> must of necessity refer to what the record reflects as distinguished from what the real world facts actually are, and because these two sets of facts are not necessarily identical (indeed, they may well diverge at crucial junctures), using statements about record facts as substantive evidence, i.e., to establish the truth of the matter asserted in those statements, is bound to be uncertain in the best of circumstances and dangerously misleading in most others.

*Hardy, 851 F.2d at 745*. The "briefs" at issue here are more

---

[4] Hearsay is defined in **Rule 801(c)** as "a statement, other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*" **Fed. R. Ev. 801(c)** (emphasis added). Thus, a statement offered for a purpose other than proving the truth of the matter asserted is not hearsay.

akin to trial court pleadings than to appellate briefs. The documents were submitted directly to the European Patent Office in support [*12] of the Searle '157 Patent, not to an appellate body. Searle, when preparing the documents, was not bound to facts as established in a previous record. Accordingly, Pfizer's motion to preclude the briefs on hearsay grounds will be denied.

The Court notes, however, that "legal conclusions [as opposed to factual allegations] are not admissions." *Giannone v. United States Steel Corp., 238 F.2d 544, 547 (3d Cir. 1956)*. Accordingly, Teva cannot rely on any legal conclusions asserted in the prior briefs. [5]

(C) *Expert Affidavits (DTX 580)*

These documents are expert affidavits submitted by Searle to the European Patent Office when Merck opposed the Searle '157 Patent. As with the briefs, Teva argues that the affidavits are not hearsay because they are admissions by a party opponent and therefore fall within the [*13] party admission exclusion to the hearsay rule. Here, however, Teva relies on a different section of the party-admission rule. Teva argues that the affidavits are admissible under section (B) of *Rule 801(d)(2)*, known as the "adoptive admission" rule, because Pfizer manifested an adoption or belief in the truth of the affidavits by relying on them in the briefs it submitted to the European Patent Office (i.e. DXT 336 and 587). The Court agrees.

*Rule 801(d)(2)(B)* provides: "A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement of which the party has manifested an adoption or belief in its truth." The adoptive admission may be oral or written or by conduct. *Graham Handbook of Federal Evidence* (3d ed.) § 80120 (1991). The proponent of admission, here Teva, has the burden of proving by a preponderance of the evidence that the other party's conduct manifested an intent to adopt the statement. 5 *Weinstein's Federal Evidence § 801.31*. Teva has met this burden.

"As a general rule, if a third party uses a report that has been prepared at its request in such a way as to manifest a belief in the truth of [*14] assertions contained therein, it may be found to have adopted the assertions if they are offered by a party-opponent." *See* David F. Binder, *Hearsay Handbook* § 35:3, at 35-25 (4th ed.). In *Grundberg v. Upjohn Company, 137 F.R.D. 365 (D. Utah 1991)*, a product liability action against a drug manufacturer, the defendant-manufacturer had sponsored a clinical trial of the drug. The results were recorded on protocol report forms, which the defendant submitted to the Food and Drug Administration in connection with its application for approval to market the drug. The plaintiffs sought to admit the forms at trial. The defendant objected to their admission on hearsay grounds. "The plaintiffs vigorously argue[d] that [the forms were] admissible as non-hearsay adoptive admissions under *Rule 801(d)(2)(B)*." *Id. at 369*. The Court agreed, holding that the defendant could not "use the reports to support a new drug application and then deny it accepts the research." *Id. at 370*.

Similarly here, Pfizer cannot use the expert affidavits to support its European patent application and then deny that it accepts the truth of the information contained [*15] therein. [6] Accordingly, Pfizer's motion to preclude the expert reports on hearsay grounds will be denied.

[*16] (D) *U.S. Order of Dismissal (DTX 523)*

This document is an order of dismissal from an unrelated U.S. litigation. As noted above, court findings and judgments

---

[5] If disputes arise as to the proper characterization of a particular representation--i.e. legal conclusion versus factual allegation--the Court will decide them on an individual basis.

[6] Pfizer refers the Court to *Kirk v. Raymark Indus., Inc., 61 F.3d 147 (3d Cir. 1995)*, where the United States Court of Appeals for the Third Circuit held that the testimony of an expert witness who was called to testify on behalf of a party in one case could not be used against that same party in a subsequent litigation. However, the issue in *Kirk* was different from the issue presented here. The *Kirk* Court held that prior testimony of an expert was not an admission under **Federal Rule of Evidence 801(d)(2)(C)**, which provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is (C) a statement by a person authorized by the party to make a statement concerning the subject." Specifically, the Court of Appeals found that "[b]ecause an expert witness is charged with the duty of giving his or her expert opinion regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party." *Kirk*, 61 F.3d at 164. As an initial matter, Teva does not claim that the expert reports are admissible admissions under **Rule 801(d)(2)**(C). It relies instead on **Rule 801(d)(2)**(B). Moreover, expert testimony offered at trial differs significantly, in form and function, from expert affidavits submitted in support of a patent application. An expert witness who testifies at a trial is "supposed to testify impartially in the sphere of [his] expertise," despite the fact that one party hired him and paid for his services. *Kirk,* 61 F.3d at 164. When an expert prepares an affidavit for a patent prosecution, he is "performing the function that the manufacturer [] employed him to perform." *Id*. Accordingly, the *Kirk* decision is distinguishable.

are hearsay under *Federal Rule of Evidence 801(c)*. They do not fall within the public records exception of *Rule 803(8)(C)*. Teva does not argue that this document falls within any exception to the hearsay rule. Accordingly, Pfizer's motion to preclude this document on hearsay grounds will be granted.

## IV. Conclusion

In summary, Pfizer's motion in limine No. 3 to preclude Teva from relying on or introducing documents from unrelated litigations and foreign prosecution histories will be granted in part--Teva may not rely on the U.S. Order of Dismissal (DTX 523) because the document is inadmissible hearsay. Pfizer's motion in limine No. 3 will be denied in all other respects.

/s/ John C. Lifland, U.S.D.J.

Dated: October 26, 2006